```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF MINNESOTA
                CIVIL NO. 17-1199 (DSD/HB)
```

Carol J. Helvig and
Michael J. Helvig,

      Plaintiffs,

v.                                                    **ORDER**

Ocwen Loan Servicing, LLC and
Deutsche Bank National Trust Company,
as Trustee for Morgan Stanley ABS
Capital, I, Inc. Trust 2003-NC8,

      Defendants.

    Cole Langsdorf, Esq. and Christensen Law Office, PLLC, 800 Washington Avenue North, Suite 704, Minneapolis, MN, counsel for plaintiffs.

    Kristina Kaluza, Esq. and Dykema Gossett, PLLC, 4000 Wells Fargo Center, 90 South Seventh Street, Minneapolis, MN, counsel for defendants.

This matter is before the court upon the motion to remand by plaintiffs Carol J. Helvig and Michael J. Helvig. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court denies the motion.

**BACKGROUND**

This mortgage-foreclosure dispute arises out of the foreclosure of Carol and Michael Helvig's home by defendant Ocwen Loan Servicing, LLC. On March 2, 2017, defendant Deutsche Bank National Trust Company bought the home at a sheriff's sale for

$193,900.56. Compl. ¶ 74. At the time of foreclosure, plaintiffs had an outstanding balance on their mortgage of $179,889.96, and the fair market value of the property was approximately $116,200. See Kemper Decl. Ex. 2 at 2; ECF No. 1, Ex. 1 at 65.

On March 24, 2017, plaintiffs filed suit in Dodge County alleging that defendants violated Minnesota law by failing to (1) properly serve and provide notice to plaintiffs of the foreclosure and (2) properly evaluate all loss mitigation options prior to foreclosure. Plaintiffs, among other things, seek an order voiding the sale of their home and restoring them as fee title owners. Defendants timely removed, and plaintiffs now move to remand, arguing that the case does mot meet the amount in controversy threshold required by 28 U.S.C. § 1332(a).

## DISCUSSION

### I. Standard of Review

Federal courts are courts of limited jurisdiction, and subject-matter jurisdiction is a threshold inquiry for all actions. Thomas v. Basham, 931 F.2d 521, 522 (8th Cir. 1991). Diversity jurisdiction under 28 U.S.C. § 1332 requires that the matter in controversy exceed $75,000, exclusive of interest and costs, and that complete diversity of citizenship exist between the parties. "[I]n a suit for declaratory or injunctive relief the amount in controversy is the value to the plaintiff of the right that is in

issue." Usery v. Anadarko Petroleum Corp., 606 F.3d 1017, 1018 (8th Cir. 2010). Although referred to as the "plaintiff's viewpoint rule," the subjective value of the right at issue is irrelevant; rather, the court must look to the objective value of the object of the suit. Id. at 1019. Therefore, in a quiet title action the amount in controversy is "what the property interest at issue is worth in the marketplace." Id.

**II.  Motion to Remand**

Plaintiffs argue that the "property interest at issue" is measured by their present interest in the home, namely the market value of the home less the outstanding balance on the mortgage. If true, the amount in controversy would be less than $75,000. Other courts, however, have rejected this approach, holding that the amount in controversy is either the fair market value of the property or the outstanding debt on the property. See Marhetti v. U.S Bank N.A., No. 13-1978, 2013 WL 6577298, at *2 (D. Minn. Dec. 16, 2013) (internal quotation marks omitted) (quoting Garland v. Morg. Elec. Registration Sys., No. 09-71, 2009 WL 1684424, at *2 (D. Minn. June 16, 2009)) ("Where there is a dispute about the validity of a foreclosure, the amount in controversy will either be the amount of the underlying debt for the fair market value of the property."); Parteh v. U.S. Bank Nat'l Ass'n, No. 11-2932, 2012 WL 983681, at *1 (D. Minn. Mar. 6, 2012) (same).

Plaintiffs rely heavily on Gretsch v. Vantium Capital, Inc., No. 11-2328, 2011 WL 6754079 (D. Minn. Dec. 23, 2011), which noted that "the amount in controversy ... would be the value of the delay in foreclosure proceedings ... that should have occurred had [defendant] assessed [plaintiff's] eligibility for a HAMP loan modification." Id. at *3. But that statement is mere dicta and fails to adequately consider the Eighth Circuit's holding in Usery. Additionally, because the majority of courts have rejected such an approach, Gretsch is unpersuasive.[1]

Here, it is undisputed that both the fair market value of the property and the outstanding debt on the mortgage exceed $75,000. As a result, the court has diversity jurisdiction and the motion to remand must be denied.

---

[1] At the hearing, plaintiffs also relied on Crowder v. Avelo Mortg., LLC, No. 4:14CV1351, 2014 WL 4915149, at *3 (E.D. Mo. Sept. 30, 2014), but that case specifically rejected the argument that the amount in controversy is the value of the property less the outstanding balance of the loan. Id. Indeed, the court held that the amount in controversy is either the appraised value of the property or the unpaid balance of the loan. Id.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that plaintiffs' motion to remand [ECF No. 12] is denied.

Dated: July 24, 2017

s/David S. Doty
David S. Doty, Judge
United States District Court
